IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-347

 No. COA20-406

 Filed 20 July 2021

 New Hanover County, No. 18CVS2952

 LARRY POWELL AND ALL AMERICAN BAIL BONDING, LLC, A North Carolina
 Limited Liability Company, Plaintiffs,

 v.

 MARK WAYNE CARTRET, Defendant.

 Appeal by the North Carolina Department of Insurance from order entered 4

 November 2019 by Judge W. Allen Cobb, Jr., in New Hanover County Superior Court.

 Heard in the Court of Appeals 11 May 2021.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Daniel
 Johnson, for Appellant North Carolina Department of Insurance.

 Law Offices of G. Grady Richardson, Jr., P.C., by G. Grady Richardson Jr. and
 Susan Renton, for Plaintiffs-Appellees.

 COLLINS, Judge.

¶1 The North Carolina Department of Insurance (“Department”) appeals from an

 order denying its motion to quash the subpoena of Larry Powell and All American

 Bail Bonding, LLC, (“Plaintiffs”) to produce documents and to testify at a Rule

 30(b)(6) deposition. The Department contends that the trial court’s order fails to

 comply with the plain language of N.C. Gen. Stat. §§ 58-10-430(c) and 58-30-62(f) and
 POWELL V. CARTRET

 2021-NCCOA-347

 Opinion of the Court

 erroneously orders the Department to release confidential documents.

 I. Background

¶2 Plaintiffs filed a verified complaint on 20 August 2018 against Mark Wayne

 Cartret (“Defendant”) alleging breach of contract. Defendant filed an answer and

 counterclaims, alleging damages to himself and/or his company, Agent Associates

 Insurance, LLC, (“AAI”). Plaintiffs issued a subpoena to the Department on 22

 August 2019 to produce documents relating to Defendant and AAI, and to testify at

 a Rule 30(b)(6) deposition. The Department timely served upon Plaintiffs an

 Objection and Motion to Quash Plaintiffs’ Subpoena and 30(b)(6) Deposition

 (“Motion”). In its Motion, the Department argued that certain documents and

 information sought by the subpoena were confidential and could not be released,

 pursuant to numerous provisions in Chapter 58 of the North Carolina General

 Statutes, including, in relevant part, N.C. Gen. Stat §§ 58-10-430(c) and 58-30-62(f).

¶3 After a hearing on the Motion, the trial court entered an Order wherein it

 found, in relevant part:

 9. None of the statutory provisions cited by the
 [Department] in its Quash Motion under Chapter 58 of the
 North Carolina General Statutes provide that records can
 never be obtained from the [Department]. Rather, the
 statutory provisions cited by the [Department] specifically
 provide that records requested by subpoena that may fall
 under Chapter 58 of the North Carolina General Statutes
 shall be provided “upon an order of a court of competent
 jurisdiction.”
 POWELL V. CARTRET

 2021-NCCOA-347

 Opinion of the Court

 The trial court concluded, in relevant part:

 3. The records requested in Plaintiffs’ Subpoena may be
 produced under Chapter 58 of the North Carolina General
 Statutes “upon an order of a court of competent
 jurisdiction,” notwithstanding assertions of statutory
 confidentiality by the [Department] or alleged statutory
 requirements that the information be kept confidential.

 The trial court ordered the Department to “produce full and complete records to

 Plaintiffs’ counsel pursuant to Plaintiffs’ Subpoena” within sixty days and to “submit

 to [Plaintiffs’] deposition pursuant to N.C. R. Civ. P. 30(b)(6)” within forty-five days

 of the date of production of the Department’s records. The Department timely

 appealed “from those parts of the Order . . . that ordered the Department to disclose

 subpoenaed documents that are confidential under N.C. Gen. Stat. § 58-10-430(c) and

 N.C. Gen. Stat. § 58-30-62(f).”

 II. Appellate Jurisdiction

¶4 Plaintiffs moved to dismiss the Department’s appeal as the Order is

 interlocutory. The Department concedes the Order is interlocutory but argues that

 the Order affects a substantial right and is thus immediately appealable.

¶5 Interlocutory orders are those “made during the pendency of an action which

 do not dispose of the case, but instead leave it for further action by the trial court to

 settle and determine the entire controversy.” Carriker v. Carriker, 350 N.C. 71, 73,

 511 S.E.2d 2, 4 (1999) (citation omitted). Generally, there is no right to immediately
 POWELL V. CARTRET

 2021-NCCOA-347

 Opinion of the Court

 appeal an interlocutory order compelling discovery, and “an appeal will lie only from

 a final judgment.” Steele v. Moore-Flesher Hauling Co., 260 N.C. 486, 491, 133 S.E.2d

 197, 201 (1963) (citation omitted).

¶6 However, “immediate appeal is available from an interlocutory order or

 judgment which affects a ‘substantial right.’” Sharpe v. Worland, 351 N.C. 159, 162,

 522 S.E.2d 577, 579 (1999) (citations omitted); see N.C. Gen. Stat. §§ 1-277(a) and 7A-

 27(b)(3)(a) (2019). A two-part test is used to determine whether an interlocutory

 order affects a substantial right and is therefore immediately appealable. First, “the

 right itself must be substantial[,]” and second, “the deprivation of that substantial

 right must potentially work injury . . . if not corrected before appeal from final

 judgment.” Sharpe, 351 N.C. at 162, 522 S.E.2d at 579 (quotation marks and citation

 omitted).

¶7 The Department contends that the trial court’s order affected a substantial

 right because the Department was ordered to disclose documents that are

 confidential and not subject to disclosure, pursuant to N.C. Gen. Stat. § 58-10-430(c)

 and N.C. Gen. Stat. § 58-30-62(f). Indeed, if the Department is required to disclose

 the very documents that it alleges are protected from disclosure by the statutory

 confidentiality provisions, then “a right materially affecting those interests which [an

 entity] is entitled to have preserved and protected by law -- a substantial right -- is

 affected.” Id. at 164-65, 522 S.E.2d at 580-81 (quotation marks and citations omitted).
 POWELL V. CARTRET

 2021-NCCOA-347

 Opinion of the Court

 Moreover, the substantial right asserted by the Department will be lost if the trial

 court’s order is not reviewed before entry of a final judgment. See Lockwood v.

 McCaskill, 261 N.C. 754, 757, 136 S.E.2d 67, 69 (1964) (“If and when Dr. Wright is

 required to testify concerning privileged matters at a deposition hearing, eo instante

 the statutory privilege is destroyed. This fact precludes dismissal of the appeal as

 fragmentary and premature.”) Accordingly, the Order on appeal affects a substantial

 right; we deny Plaintiffs’ motion to dismiss and address the merits of the

 Department’s arguments.

 III. Standard of Review

¶8 Generally, a ruling on a motion to quash a subpoena is left to the sound

 discretion of the trial court and an order denying a motion to quash is reviewed only

 for an abuse of discretion. State v. Newell, 82 N.C. App. 707, 709, 348 S.E.2d 158,

 160 (1986). However, where, as here, an appeal presents a question of statutory

 interpretation, this Court conducts a de novo review of the trial court’s conclusions of

 law. Morgan v. Steiner, 173 N.C. App. 577, 579, 619 S.E.2d 516, 518 (2005) (citation

 omitted).

 IV. Analysis

¶9 The Department argues that the trial court’s Order requiring disclosure of

 certain documents violates statutory confidentiality requirements established by the

 General Assembly. Specifically, the Department contends that N.C. Gen. Stat. §§ 58-
 POWELL V. CARTRET

 2021-NCCOA-347

 Opinion of the Court

 10-430(c) and 58-30-62(f) bar the disclosure of certain confidential documents.

¶ 10 “Legislative intent controls the meaning of a statute.” State v. James, 371 N.C.

 77, 87, 813 S.E.2d 195, 203 (2018) (quotation marks and citations omitted). The

 intent of the General Assembly may be found first from the plain language of the

 statute, then from the legislative history, “the spirit of the act and what the act seeks

 to accomplish.” Id. (quotation marks and citation omitted). As a cardinal principle

 of statutory interpretation, “[i]f the language of the statute is clear and is not

 ambiguous, we must conclude that the legislature intended the statute to be

 implemented according to the plain meaning of its terms.” Hyler v. GTE Prods. Co.,

 333 N.C. 258, 262, 425 S.E.2d 698, 701 (1993) (citation omitted). “Thus, in

 effectuating legislative intent, it is the duty of the courts to give effect to the words

 actually used in a statute and not to delete words used or to insert words not used.”

 State v. Watterson, 198 N.C. App. 500, 505, 679 S.E.2d 897, 900 (2009).

 A. N.C. Gen. Stat. § 58-10-430(c)

¶ 11 The North Carolina Captive Insurance Act, contained within Article 10 of

 Chapter 58 of our North Carolina statutes, “establish[es] the procedures for the

 organization and regulation of the operations of captive insurance companies

 transacting insurance business within this State[.]” N.C. Gen. Stat. § 58-10-335(b)

 (2019). N.C. Gen. Stat. § 58-10-430 governs audits of captive insurance companies

 and provides, in relevant part:
 POWELL V. CARTRET

 2021-NCCOA-347

 Opinion of the Court

 (a) Whenever the Commissioner determines it to be
 prudent, the Commissioner shall audit a captive insurance
 company’s affairs to ascertain its financial condition, its
 ability to fulfill its obligations, and whether it has complied
 with [N.C. Gen. Stat. §§ 58-10-335 through 58-10-655]. . . .

 ....

 (c) All audit reports, preliminary audit reports or results,
 working papers, recorded information, documents, and
 copies thereof produced by, obtained by, or disclosed to the
 Commissioner or any other person in the course of an audit
 made under this section are confidential, are not subject to
 subpoena, and may not be made public by the
 Commissioner or an employee or agent of the
 Commissioner. Nothing in this subsection shall prevent
 the Commissioner from using such information in
 furtherance of the Commissioner’s regulatory authority
 under this Chapter. The Commissioner shall have the
 discretion to grant access to such information to public
 officials having jurisdiction over the regulation of
 insurance in any other state or country or to law
 enforcement officers of this State or any other state or
 agency of the federal government at any time only if the
 officials receiving the information agree in writing to
 maintain the confidentiality of the information in a
 manner consistent with this subsection.

 Id. § 58-10-430 (2019) (emphasis added).

¶ 12 Contrary to the trial court’s finding, this statute’s provision that records “under

 this section are confidential, are not subject to subpoena, and may not be made public”

 essentially provides that “records can never be obtained from the [Department].”

 Additionally, this statute does not contain a provision that “specifically provide[s]

 that records requested . . . shall be provided ‘upon an order of a court of competent
 POWELL V. CARTRET

 2021-NCCOA-347

 Opinion of the Court

 jurisdiction[,]’” nor does this statute incorporate another statute in Chapter 58 that

 specifically requires disclosure upon court order.1 The trial court’s finding is

 erroneous.

¶ 13 The conclusion of law based on this finding that “[t]he records requested in

 Plaintiffs’ Subpoena may be produced under Chapter 58 of the North Carolina

 General Statutes ‘upon an order of a court of competent jurisdiction,’ notwithstanding

 assertions of statutory confidentiality by the [Department] or alleged statutory

 requirements that the information be kept confidential” is thus erroneous as applied

 to section 58-10-430.

¶ 14 According to the plain language of section 58-10-430, “[a]ll audit reports,

 preliminary audit reports or results, working papers, recorded information,

 documents, and copies thereof produced by, obtained by, or disclosed to the

 Commissioner or any other person in the course of an audit made under [section 58-

 1 Section 58-10-345, which sets forth procedures for an entity to apply to be licensed

 as a captive insurance company, does provide that, “[i]nformation submitted pursuant to this
 section is confidential and may be made public by the Commissioner or the Commissioner’s
 designee only upon an order of a court of competent jurisdiction[.]” N.C. Gen. Stat. § 58-10-
 345(f) (2019) (emphasis added). According to the plain language of this statute, only
 information submitted pursuant to N.C. Gen. Stat. § 58-10-345 may be made public “upon an
 order of a court of competent jurisdiction.” This provision is specifically incorporated by other
 sections of Chapter 58, but it does not serve as a blanket provision for all of Chapter 58. See
 N.C. Gen. Stat. § 58-10-405(b) (2019) (“All other captive insurance companies shall report on
 forms adopted by the Commissioner. [N.C. Gen. Stat.] 58-10-345(f) shall apply to each report
 filed pursuant to this section.”); N.C. Gen. Stat. § 58-10-415(c2) (2019) (“[N.C. Gen. Stat.] 58-
 10-345(f) shall apply to all information filed pursuant to this section.”).
 POWELL V. CARTRET

 2021-NCCOA-347

 Opinion of the Court

 10-430] are confidential, are not subject to subpoena, and may not be made public by

 the Commissioner or an employee or agent of the Commissioner.” N.C. Gen. Stat.

 § 58-10-430 (emphasis added). As “the language of the statute is clear and is not

 ambiguous, we must conclude that the legislature intended the statute to be

 implemented according to the plain meaning of its terms.” Hyler, 333 N.C. at 262,

 425 S.E.2d at 701 (citation omitted). Accordingly, we reverse the portion of the trial

 court’s order requiring the Department to “produce full and complete records to

 Plaintiffs’ counsel pursuant to Plaintiffs’ Subpoena and as ordered herein” with

 respect to documents and items that “are not subject to subpoena” pursuant to N.C.

 Gen. Stat. § 58-10-430.

 B. N.C. Gen. Stat. § 58-30-62

¶ 15 Under N.C. Gen. Stat. § 58-30-62, which applies to captive insurance

 companies licensed under the Captive Insurance Act,2 “[a]n insurer may be subject to

 administrative supervision by the Commissioner” if certain conditions arise. N.C.

 Gen. Stat. § 58-30-62(c) (2019). If the Commissioner determines administrative

 supervision is necessary, the Commissioner must notify the insurer that it is under

 the supervision of the Commissioner and give the insurer a written list of the

 2 Under N.C. Gen. Stat. § 58-10-475, governing supervision, rehabilitation, and
 liquidation of captive insurance companies, the terms and conditions set forth in Article 30
 of Section 58 shall apply in full, unless otherwise provided, to captive insurance companies
 licensed under the Captive Insurance Act. N.C. Gen. Stat. § 58-10-475 (2019).
 POWELL V. CARTRET

 2021-NCCOA-347

 Opinion of the Court

 requirements to abate the conditions which led to its supervision. Id. § 58-30-62(d).

 (f) Notwithstanding any other provision of law and except
 as set forth in this section, all proceedings, hearings,
 notices, correspondence, reports, records, and other
 information in the possession of the Commissioner or the
 Department relating to the supervision of any insurer are
 confidential. The Department shall have access to such
 proceedings, hearings, notices, correspondence, reports,
 records, or other information as permitted by the
 Commissioner. The Commissioner may open the
 proceedings or hearings, or disclose the notices,
 correspondence, reports, records, or information to a
 department, agency or instrumentality of this or another
 state of the United States if the Commissioner determines
 that the disclosure is necessary or proper for the
 enforcement of the laws of this or another state of the
 United States. The Commissioner may open the
 proceedings or hearings or make public the notices,
 correspondence, reports, records, or other information if
 the Commissioner considers that it is in the best interest
 of the insurer, its insureds or creditors, or the general
 public. This section does not apply to hearings, notices,
 correspondence, reports, records, or other information
 obtained upon the appointment of a receiver for the insurer
 by a court of competent jurisdiction.

 N.C. Gen. Stat. § 58-30-62 (emphasis added).

¶ 16 Contrary to the trial court’s finding, this statute contains no provision that

 “specifically provide[s] that records . . . shall be provided ‘upon an order of a court of

 competent jurisdiction’” and does not incorporate another section in Chapter 58 that

 specifically requires disclosure upon court order.3 However, unlike section 58-10-430

 3 See footnote 1.
 POWELL V. CARTRET

 2021-NCCOA-347

 Opinion of the Court

 and in accordance with the trial court’s finding of fact, this statute does not contain

 a provision that essentially provides that “records can never be obtained from the

 [Department]” in that section 58-30-62 does not explicitly state that the materials

 under this section “are not subject to subpoena.” Had the legislature intended for

 materials to be protected from subpoena, it could have explicitly done so as it did in

 section 58-10-430 and various other provisions of Chapter 58.4

¶ 17 The legislature established that the Commissioner “shall be a public office[,]”

 and its “records, reports, books and papers thereof on file therein shall be accessible

 to the inspection of the public[.]” N.C. Gen. Stat. § 58-2-100 (2019). Any exception to

 the public’s accessibility to otherwise public records should be construed narrowly.

 DTH Media Corp. v. Fult, 374 N.C. 292, 301, 841 S.E.2d. 251, 258 (2020) (quotation

 marks and citation omitted).

¶ 18 The Department cites no authority supporting the proposition that labeling

 materials confidential, without more, bars those materials from being produced upon

 an order of a court of competent jurisdiction. Our courts routinely deal with

 confidential information and have the ability to ensure the information is not used

 improperly. See, i.e., N.C. Gen. Stat. § 1A-1, Rule 26(c) (2019) (allowing trial courts

 4 See N.C. Gen. Stat. §§ 58-2-132(f), 58-10-175(b), 58-10-430(c), 58-10-735(a), 58-10-

 780(a), 58-12-35(a), 58-19-40(a), 58-33-56(h), 58-58-50(j)(10), 58-58-268(c), 58-58-280(a), 58-
 71-115(c).
 POWELL V. CARTRET

 2021-NCCOA-347

 Opinion of the Court

 to seal depositions and filed court documents to be opened as directed by the court);

 N.C. Gen. Stat. § 1A-1, Rule 45(c)(2) (“Copies of hospital medical records tendered

 under this subdivision shall not be open to inspection or copied by any person, except

 to the parties to the case or proceedings and their attorneys in depositions, until

 ordered published by the judge at the time of the hearing or trial.”) N.C. Gen. Stat. §

 1A-1, Rule 45(c)(7) (“When a subpoena requires disclosure of a trade secret or other

 confidential research, development, or commercial information . . . the court may

 order a person to . . . produce the materials only on specified conditions stated in the

 order.”).

¶ 19 Essentially, the Department is asking this Court to add an additional provision

 to section 58-30-62 that materials under this section “are not subject to subpoena.” It

 is our duty to “give effect to the words actually used in a statute” and we cannot insert

 “words not used.” Watterson, 198 N.C. App. at 505, 679 S.E.2d at 900. The conclusion

 of law that “[t]he records requested in Plaintiffs’ Subpoena may be produced under

 Chapter 58 of the North Carolina General Statutes ‘upon an order of a court of

 competent jurisdiction,’ notwithstanding assertions of statutory confidentiality by the

 [Department] or alleged statutory requirements that the information be kept
 POWELL V. CARTRET

 2021-NCCOA-347

 Opinion of the Court

 confidential” is not erroneous.5

¶ 20 Accordingly, we affirm the portion of the trial court’s order requiring the

 Department to “produce full and complete records to Plaintiffs’ counsel pursuant to

 Plaintiffs’ Subpoena and as ordered herein” with respect to documents and items

 listed in N.C. Gen. Stat. § 58-30-62.

 V. Conclusion

¶ 21 The trial court erred by ordering the disclosure of certain documents pursuant

 to N.C. Gen. Stat. § 58-10-430. The trial court did not err by ordering the disclosure

 of certain documents pursuant to N.C. Gen. Stat. § 58-30-62. We thus reverse the

 trial court’s order in part and remand for further proceedings consistent with this

 opinion.

 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

 Judges ARROWOOD and GORE concur.

 5 The Department asked the trial court to subject certain records “to a protective order

 issued by the Court maintaining the confidentiality of the information” in the event that the
 records were “reviewed by the Court or admitted as evidence[.]” The trial court did not rule
 upon that request.